UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,                                               CASE NO.:

v.

LOBRER, LLC, and WILLIE BOLES,

    Defendants.

_____/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against LOBRER, LLC, ("Lobrer") and WILLIE BOLES ("Boles"), and alleges:

**NATURE OF THE ACTION**

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for a stabbing that took place at the insured's shopping plaza under a commercial general liability policy that includes a broad Assault and Battery Exclusion.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of jurisdiction and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3. Venue is proper in this district because the stabbing occurred in this district, the underlying lawsuit is pending in this district, the policy was issued in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(1).

4. All conditions precedent occurred, were performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Richmond, Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to Lobrer as the Named Insured.

6. Lobrer is a limited liability company organized under the laws of Florida. Its members, Eric J. Ende and Jerry Ende, are domiciled in Palm Beach County, Florida. Lobrer is accordingly a citizen of Florida.

7. Boles is domiciled in Broward County, Florida. Boles is accordingly a citizen of Florida.

## THE STABBING

8. On 02/04/2025, the Fort Lauderdale Police Department responded to a stabbing call at the shopping plaza owned and operated by Lobrer. (*See* Police Report at Pg. 9, which is attached as Exhibit "A.")

9. According to the Police Report, Officer Perez "located [Boles] with a stab wound to his back inside the parking lot of [Lobrer's] premises." (*Id*.)

10. Boles "stated he observed [an assailant] slashing the tire to his [vehicle] with a large knife. [Boles] stated that an altercation ensued between them at which point [Boles] was stabbed once in the back by [the assailant]." (*Id*.)

11. As a result of his stabbing, on 05/22/2025, Boles filed suit against Lobrer in the circuit court of Broward County, Florida, in a lawsuit styled *Willie Boles v. Lobrer, LLC*, Case Number CACE-25-007634. (*See* Complaint, which is attached as Exhibit "B.")

12. According to the complaint, on 02/04/2025 Boles was at the property owned and operated by Lobrer when he "was viciously assaulted by a third party, which resulted in him suffering a punctured kidney." (*Id*. at ¶7.)

13. The complaint goes on to allege "[Lobrer] had a duty to take such precautions as were reasonably necessary to protect its patrons, invitees, and the public, including [Boles], from criminal attacks that were reasonably foreseeable." (*Id*. at ¶11.)

14. Moreover, it is alleged that "the criminal attack and injury of [Boles] was reasonably foreseeable, and [Lobrer] was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its patrons[.]" (*Id*. at ¶14.)

## THE KINSALE POLICY

15. The "surplus lines market exists to assume risks that licensed insurance companies decline to insure[.]" *Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1375 (S.D. Fla. 2020).

16. Lobrer could not obtain insurance from an admitted insurer so, as a last resort, it applied for and purchased insurance in the surplus lines market.

17. Lobrer applied for and purchased a surplus lines commercial general liability insurance policy from Kinsale as the Named Insured, bearing Policy Number 0100338938-0, and effective from 12/10/2024 to 12/10/2025. (*See* Policy, which is attached as Exhibit "C.")

18. Before the policy was issued and delivered to Lobrer, all the forms and endorsements were disclosed to Lobrer in a Quote. (*See* Quote, which is attached as Exhibit "D.")

19. Before the policy was issued and delivered to Lobrer, all the forms and endorsements were disclosed to Lobrer in a Binder. (*See* Binder, which is attached as Exhibit "E.")

20. Lobrer accepted all terms and conditions that were proposed in the Quote and the Binder.

21. Kinsale is defending Lobrer in the underlying action under a complete reservation of rights, which Lobrer accepted.

**COUNT I – NO COVERAGE
UNDER THE ASSAULT AND BATTERY EXCLUSION**

22. Kinsale incorporates paragraphs 1 through 21.

23. The policy includes an endorsement labeled "EXCLUSION – ASSAULT AND BATTERY" ("Assault and Battery Exclusion") that provides:

## EXCLUSION - ASSAULT AND BATTERY

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

5. The reporting or failing to report to the proper authorities;

6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item **a. Expected or Intended Injury** is deleted and replaced with the following:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

(*See* Ex. C at Form CAS3002 1016, Pg. 1/1.)

24. The policy includes an endorsement labeled "POLICY AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence Endorsement") that provides: "Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this Policy, and we may look to and consider

extrinsic evidence outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit." (*See Id.* at Form ADF2000 0622, Pg. 1/1.)

25. Kinsale accordingly can consider extrinsic evidence like police reports, representations made to the policy about the stabbing, and discovery in the underlying action.

26. The policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend Exclusion that provides: "Where there is no coverage under this Policy, there is no duty to defend." (*See Id* at Form CAS3043 0621, Pg. 2/3.)

27. Boles was stabbed at the shopping plaza owned and operated by Lobrer on 02/04/2025.

28. Boles sued Lobrer over the stabbing at the shopping plaza.

29. Accordingly, Kinsale has no duty to defend or pay damages under the policy's Assault and Battery Exclusion.

## **RELIEF REQUESTED**

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the policy.

b) Declare the following:

    i. Kinsale has no duty to defend or indemnify Lobrer under the policy's Assault and Battery Exclusion.

    ii. Kinsale is entitled to reimbursement of attorney's fees and expenses incurred defending Lobrer because there is no coverage under the policy.

c) Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**CASSIDY BIERBORDT**
Florida Bar No. 1030738
Cassidy.Bierbordt@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646